**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-03716-CMA-KLM

DEBORAH LAUFER,

    Plaintiff,

v.

HAYOUNG CHOI LLC,

    Defendant.

## ORDER RE: MOTION TO STAY PROCEEDINGS

    This matter is before the Court on Plaintiff's Motion for Stay of Proceedings Pending Appeal (Doc. # 19) and Plaintiff's Motion for Default Judgment (Doc. # 20). For the following reasons, the Court will administratively close this matter and deny the default judgment motion without prejudice.

    This case involves claims under the Americans with Disabilities Act ("ADA"). (Doc. # 1). Plaintiff, Deborah Laufer, is disabled. (Doc. # 1, ¶ 1). She is suing the owners of Motel 9 Fort Collins, alleging that the Motel failed to provide disability accommodations as required by the ADA. (Doc. # 1, ¶¶ 3, 11-21). Significantly, however, Ms. Laufer has never been to the Motel 9 Fort Collins. (Doc. # 1, ¶¶ 11-12). In fact, she currently has no plans to visit the Motel. (Doc. # 1, ¶¶ 11-12). Rather, Ms. Laufer refers to herself as a "tester": she visits the websites of various businesses to

1

determine whether their websites comply with the ADA. (Doc. # 1, ¶¶ 1-3). If they do not comply, she sues. (Doc. # 1).

In this case, Ms. Laufer visited several online booking platforms – including expedia.com, hotels.com, and orbitz.com – to see whether they provided information about ADA accessibility at the Motel 9 Fort Collins. (Doc. # 1, ¶ 11). When she found that they did not contain such information, she sued the Motel's owners. (Doc. # 1, ¶¶ 11-12). The owners defaulted, and Ms. Laufer now seeks default judgment. (Doc. # 20).

Courts are divided over whether plaintiffs like Ms. Laufer have standing to bring this sort of lawsuit. (Doc. # 19). In fact, Ms. Laufer is currently litigating this very issue before the Tenth Circuit in a separate case. (Doc. # 19). Therefore, Ms. Laufer now asks this Court to stay these proceedings pending the outcome of the case in the Tenth Circuit. (Doc. # 19).

The Court agrees that it is appropriate to stay proceedings in this case until the Tenth Circuit has resolved the question of Ms. Laufer's standing. Further, because Ms. Laufer must establish standing before she can obtain a default judgment, the Court finds that Ms. Laufer is not entitled to default judgment at this time. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Therefore, the Court ORDERS as follows:

- Plaintiff's Motion for Stay (Doc. # 19) is GRANTED;

- Plaintiff's Motion for Default Judgment (Doc. # 20) is DENIED WITHOUT PREJUDICE;

- The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this case;

- Plaintiff is ORDERED to file status updates every 60 days, and to file a motion to reopen this case within 30 days after the relevant Tenth Circuit holding is issued.

DATED:  April 15, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge